UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RAVEN COLLINS**                                                                    **CIVIL ACTION**

**VERSUS**                                                                                **NO. 13-351-BAJ-RLB**

**NOVA CASUALTY COMPANY**

### ORDER

Before the Court is defendant Nova Casualty Company's (Nova) Motion to Strike Witnesses, filed on February 20, 2014. (R. Doc. 13). Nova requests the Court to issue an order striking certain expert witnesses listed by plaintiff in her witness list but for whom no expert reports were timely provided. Any opposition to this motion was required to be filed within 21 days after service of the motion. L.R. 7.4. Plaintiff has not filed an opposition as of the date of this Order. The motion is therefore unopposed.

This case was originally filed in state court based on an automobile accident resulting in certain injuries to the plaintiff. (R. Doc. 1-3 at 4). On June 3, 2013, the case was removed to federal court. (R. Doc. 1). The scheduling order in this case was entered on August 30, 2013. (R. Doc. 7). The discovery deadlines at issue were those recommended by the parties (R. Doc. 6). Plaintiff's deadline to disclose the identities and resumes of experts was January 2, 2014. Plaintiff's deadline to submit expert reports to the defense was February 3, 2014. Discovery from experts must be completed by April 1, 2014.

In the motion, defendant represents that certain individuals were identified in plaintiff's witness list as potential experts.[1] However, no resumes or reports from these individuals have been provided in accordance with the deadlines in the scheduling order. As a sanction, defendant urges the court to prohibit those individuals from testifying at trial and prohibiting plaintiff from introducing any evidence of reports or opinions of those experts at trial.

Taking the unchallenged representations of defendant as true, it is unclear whether plaintiff even intends to present the witnesses or evidence at issue.[2] To the extent that plaintiff does so intend to offer these individuals as experts, the Court finds that plaintiff has violated the scheduling order deadlines. Plaintiff has failed to identify these individuals as expert witnesses and provide their resumes and qualifications. Plaintiff has likewise failed to provide any expert reports for these individuals.

Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure requires that expert reports must contain the following: (1) "a complete statement of all opinions the witness will express and the basis and reasons for them"; (2) "the facts or data considered by the witness in forming them"; (3) "any exhibits that will be used to summarize or support them"; (4) "the witness's qualifications, including a list of all publications authored in the previous 10 years"; (5) a list of cases in which the expert testified during the previous four years; and (6) a statement of the compensation received by the expert for his study and testimony. Fed. R. Civ. P. 26(a)(2)(B).

By failing to identify expert witnesses, provide resumes, or provide reports in accordance with Rule 26, plaintiff has failed to comply with her obligations.

---

[1] These potential experts are identified as "Bobby Roberts (presumably an expert in vocational rehabilitation) and Randy Rice (presumably an expert economist)." (R. Doc. 13-1).
[2] In the status report, plaintiff indicated an intention to "offer medical expert testimony regarding injuries sustained in the subject accident. At this time, no other experts have been retained." (R. Doc. 6 at 3).

Having concluded that plaintiff has violated the scheduling order (if plaintiff still intends to offer these witnesses), the court must now determine whether the requested sanction of excluding any such expert testimony is proper.  In making this decision, the court has considered (1) the importance of the excluded testimony, (2) the explanation of the party for its failure to comply with the court's order, (3) the potential prejudice that would arise from allowing the testimony, and (4) the availability of a continuance to cure such prejudice. *See Harmon v. Georgia Gulf Lake Charles L.L.C.*, 476 Fed. App'x 31, 36 (5th Cir. 2012).

With respect to the first and second factors, the plaintiff's failure to file any opposition or response supports the requested sanction.  Defendant speculates that Mr. Roberts is an expert in vocational rehabilitation and Mr. Rice is an expert economist.  These subject matters could be relevant to certain claims for damages, such as lost wages and earning capacity.  Neither party has indicated that these are the only witnesses or evidence that would go to those categories of damages or even that plaintiff still intends to offer these witnesses at trial.  Assuming that plaintiff has even retained these individuals for the purpose of providing expert testimony, there is nothing to indicate that either would provide the testimony as to the medical expert testimony represented in the status report.  Expert testimony as to that topic is not the subject of the motion.

The third factor also weighs in favor of the requested sanction.  The purpose of these deadlines is to provide the required notice to the opposing party so that they may determine whether to similarly retain experts to rebut or contradict plaintiff's experts.  Defendant's reciprocal deadlines to disclose identities and resumes of experts, and to provide expert reports, were set one month following plaintiff's respective deadlines.  In addition, as of the date of this order, only 12 days remain to conduct expert discovery.  To allow plaintiff to utilize such experts, without the timely disclosures required under the scheduling order, would deprive

defendant of both the opportunity to retain its own experts as well as to obtain any discovery from plaintiff's experts. The prejudice would be significant.

The fourth factor leads to the same conclusion. The remaining pretrial and trial deadlines have been put in place based on the parties suggested deadlines. Dispositive and Daubert motions are due in less than a month. Any continuance afforded to plaintiff to comply with the disclosure requirements would necessarily entail a similar continuance of all of defendant's reciprocal deadlines. The extent of the required continuance would upset all of the remaining pretrial and trial deadlines. The court has an interest in maintaining the deadlines on its docket. While those deadlines can be modified upon a showing of good cause, no such showing has been offered and no request for a continuance has been made. Therefore,

**IT IS ORDERED** that defendant's Motion to Strike Witnesses (R. Doc. 13) is **GRANTED**, such that the potential expert witnesses, Mr. Bobby Roberts and Mr. Randy Rice, are excluded from offering any expert testimony at trial and any reports or opinions rendered by these individuals in their capacity as experts is also excluded.

Signed in Baton Rouge, Louisiana, on March 20, 2014.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**